UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SALOME GONZALES,

    Petitioner,

v.                                          Case No. 11-15368

DAVID BERGH,

    Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT; (2) DISMISSING THE PETITION WITH PREJUDICE; AND (3) DENYING A CERTIFICATE OF APPEALABILITY**

    Petitioner Salome Gonzales is a Michigan state prisoner confined in the Thumb Correctional Facility in Lapeer, Michigan. He has filed a petition for writ of habeas corpus challenging his conviction for first degree murder. He was sentenced on March 2, 2004, as a second habitual offender to life imprisonment. Respondent David Bergh has moved for summary judgment, arguing that the petition should be dismissed because it is barred by AEDPA's period of limitation. In response, Petitioner argues that the limitation period should be equitably tolled because his filing of the petition was delayed by his cognitive difficulties, his need to wait for prison legal assistance, his transfers among facilities, and his difficulty with his assigned legal writers. The court finds that the petition is time-barred and that equitable tolling is not appropriate under the facts of this case and therefore grants Respondent's motion for summary judgment.

**I. BACKGROUND**

    Petitioner was convicted by an Oakland County jury of first-degree premeditated murder for killing Mindy Ramirez in 1995. He was sentenced to life imprisonment.

Petitioner filed a direct appeal with the Michigan Court of Appeals. This appeal was dismissed for lack of jurisdiction because Petitioner had a motion for a new trial pending at the same time as his appeal. *People v. Gonzales*, No. 255083 (Mich. App. June 4, 2004).

Following the trial court's denial of his motion for a new trial, Petitioner filed a second direct appeal with the Michigan Court of Appeals. The Michigan Court of Appeals affirmed his convictions in an unpublished, *per curiam* opinion. *People v. Gonzales*, No. 260596, 2006 WL 2685084 (Mich. App. Sept. 19, 2006). Petitioner applied for leave to appeal with the Michigan Supreme Court, which application was denied on January 29, 2007. *People v. Gonzales*, 726 N.W.2d 34 (Mich. 2007). Petitioner did not apply to the United States Supreme Court for a writ of certiorari.

In September, 2008, Petitioner returned to the trial court and filed a motion for relief from judgment. The trial court denied the motion on December 15, 2008. *People v. Gonzales*, No. 03-191210-FC (Oakland Co. Cir. Ct. Dec. 15, 2008). Nearly a year later, on December 9, 2009, Petitioner applied for leave to appeal in the Michigan Court of Appeals, seeking leave to appeal the trial court's denial of his motion for relief from judgment. The Michigan Court of Appeals denied leave to appeal in April, 2010. *People v. Gonzales*, No. 295462 (Mich. App. April 28, 2010). Petitioner's application for leave to appeal that order was denied by the Michigan Supreme Court in March, 2011. *People v. Gonzales*, 794 N.W.2d 1045 (Mich. 2011).

The petition in this action is dated November 18, 2011, and was filed with the court on December 7, 2011.

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year period of limitation for a habeas petition filed by a state prisoner seeking habeas relief from a state court judgment.  28 U.S.C. § 2244(d)(1).  The limitation runs from one of four specified dates, usually either the day when the judgment becomes final by the conclusion of direct review or the day when the time for seeking such review expires.  28 U.S.C. § 2244(d)(1)(A).  The limitation period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending."  28 U.S.C. § 2244(d)(2).

The limitation began to run in this action when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A).  "Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of a direct appeal to a state court and to the United States Supreme Court has been exhausted.  *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).  Petitioner did not seek a writ of certiorari in the United States Supreme Court after the Michigan Supreme Court denied leave to appeal in his direct appeal on January 29, 2007.  His conviction therefore became final on April 30, 2007, when the ninety-day deadline for seeking a writ of certiorari expired.  *See* Sup. Ct. R. 13.1; Fed. R. Civ. P.  6(a)(1)(A).  The one-year AEDPA limitation began to run on the following day, May 1, 2007.  *See* Fed. R. Civ. P.  6(a)(1)(A).  It expired one year later, on May 1, 2008.

In September, 2008, Petitioner filed a motion for relief from judgment with the trial court.  Although a timely motion for relief from judgment tolls the limitation, *see* 28 U.S.C. § 2244(d)(2), it has no effect when it is filed, as it was in this instance, after the

3

limitation period has ended. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). The petition in this action was filed, at the earliest, on November 19, 2011, three years, seven months, and eighteen days after the one-year deadline.

 Petitioner concedes that his habeas petition is untimely. He nevertheless asks the court to equitably toll the limitation period. The AEDPA limitation is subject to equitable tolling in appropriate cases. *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner may also be eligible for equitable tolling if he demonstrates a credible claim of actual innocence, so that by refusing to consider his petition due to untimeliness the court would cause a fundamental miscarriage of justice. *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005). Equitable tolling is used sparingly, *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010), and Petitioner bears the burden of proving that he is entitled to it, *Id.* "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (citation omitted).

 Petitioner argues that he is entitled to equitable tolling because he had cognitive difficulties and therefore needed the assistance of prison legal writers to file his post-conviction motion. He further asserts that there were various delays in completing the post-conviction motion, including delays caused by his need to apply to, and be screened for, participation in the Michigan Department of Corrections Legal Writing Program; delays due to his transfers among prisons; and delays because his various

4

assigned legal writers were transferred, put into segregation, or refused to assist him due to the nature of his crime. He says that his post-conviction motion was promptly filed after it was completed by the prison legal writers. Petitioner asserts that, due to these facts, the court should toll the entire 517 days between the completion of his direct appeal and his filing a motion for post-judgment relief.

Petitioner has not established the type of extraordinary circumstances that would permit the court to equitably toll the limitation period. The fact that Petitioner is untrained in law and was proceeding without a lawyer does not warrant equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of law does not warrant equitable tolling). Nor does Petitioner's difficulty obtaining assistance from prison legal writers provide a basis for equitable tolling. *See United States v. Cicero*, 214 F.3d 119, 205 (D. C. Cir. 2000) (negligence of prison legal writers insufficient to justify equitable tolling); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002) (lack of professional legal assistance does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (same). Petitioner's transfers within the prison system do not justify equitable tolling. *See Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004) (routine transfers between prisons does not establish extraordinary circumstances to justify equitable tolling); *Allen v. Johnson*, 602 F. Supp. 2d 724, 728 (E.D. Va. 2009). As a basis for equitable tolling, Petitioner asserts merely the general burdens of a prisoner. *Cf. Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 752 (6th Cir. 2011) (limited law library access, inability to obtain trial transcript and *pro se* status do not constitute extraordinary circumstances that justified five month delay in filing federal petition).

5

Finally, to establish an entitlement to equitable tolling as a result of mental incompetence, a petitioner must both make a threshold showing of incompetence and demonstrate that the incompetence affected his ability to timely file his federal petition. *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008).  Petitioner has offered no evidence that he suffered from any specific mental incapacity, and he has therefore failed to make a threshold showing of incompetence.  He has also failed to show a cognitive disability prevented him from pursuing his legal rights specifically during the limitation period.

The petition is time-barred by AEDPA's limitation, and there is no basis to equitably toll the limitation period.  Respondent's motion for summary judgment will therefore be granted.

### III.  CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  Having considered the matter, the court concludes that reasonable jurists could not debate whether the court was correct in its procedural ruling.  Accordingly, the court denies a certificate of appealability.

## IV. CONCLUSION

IT IS ORDERED that Respondent's motion for summary judgment [Dkt. # 7] is GRANTED, that the Petition for Writ of Habeas Corpus [Dkt. # 1] is DISMISSED WITH PREJUDICE, and that a Certificate of Appealability is DENIED.

     s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 31, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 31, 2012, by electronic and/or ordinary mail.

     s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522